HEARING DATE: June 20, 2012
HEARING TIME: 10:00am

Linda M. Tirelli, Esq.,
Counsel for the Debtors
Law Offices of Linda M.Tirelli
1 North Lexington Ave., 11th Floor
White Plains, NY 10601
PH (914)946-0860

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION**

-------------------------------------------------------------------X

**IN THE MATTER OF**

**CHAPTER 13**

**RONALD DECONNE**          **CASE NO: 12-22199(RDD)**
**KARIN DECONNE**

      **DEBTORS.**

-------------------------------------------------------------------X

**DEBTOR'S APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §506(a)
1. VALUING THE SECURED INTEREST OF BANK OF NEW YORK AND/OR JP MORGAN CHASE AND/OR EQUITY TRUST COMPANY CUSTODIAN FBO CRAIG MARX IRA, CRAIG MARKS FILED AS PROOF OF CLAIM 3-1 AND AMENDED AS CLAIM NUMBER 3-2 AND 3-3 AT "$0.00";
AND
2. GRANTING SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS APPROPRIATE**

**TO: THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE**

**HERE COME NOW,** the Debtors, Ms. Karin DeConne and Mr. Ronald DeConne, by and through their counsel of Record, Linda M. Tirelli, in support of their application to

1. Value the secured interest of Equity Trust Company Custodian FBO Craig Marx Ira, Craig Marks

filed as Proof Of Claim 3-1 and amended as Proof of Claim Number 3-2 and 3-3 at "$0.00"; and

2. For such other and further relief as this court deems appropriate, respectfully sets forth as follows:

**I. BACKGROUND**

1. This case was commenced by the filing of a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), with the Clerk of this court on February 1, 2012.

2. This case was referred to Bankruptcy Judge, the Honorable Robert D. Drain.

HEARING DATE:  June 20, 2012_____

HEARING TIME:__10:00am____

3. Jeffrey Sapir, Esq. was appointed Chapter 13 Trustee and continues to serve in that capacity (the "Trustee").

4. The last day to file claims in the Debtor's Chapter 13 case is May 24, 2012.

5. The Debtors, Ms. Karin DeConne and Mr. Ronald DeConne, (hereinafter the "Debtors") are the owners of a single family home located at 47 Nimitz Road, Yonkers, NY 10710 (hereinafter the "home"). The Debtors reside at said home.

6. The home is the debtors' primary asset.

7. The home has valued at $345,000.00 as per the professional paid appraisal dated July 15, 2011 attached hereto as **Exhibit "A."**

8. According to the Westchester County Land Records as per a paid Mortgage Search report, there are 2 mortgage liens recorded against the Debtors' property., the first mortgage was recorded by Bank of New York on June 23, 2004 bearing control number 441410968 and the second mortgage was recorded by Bank of New York recorded on September 5, 2006 bearing control number 462300946.  A copy of the Mortgage Search Report is attached hereto as **Exhibit "B".**

8. The Debtors listed a debt in the form of a first mortgage in the amount of $456,010.00 and named JP Morgan Chase, the last known presumed servicer of the first mortgage loan, as a creditor on Schedule D of their petition, indicating the same as being disputed.

9. The Debtors listed a debt in the form of a second mortgage in the amount of $496,883.00 and named JP Morgan Chase, the last known presumed servicer of the second mortgage loan, as a creditor on Schedule D of their petition, indicating the same as being disputed.

10. Equity Trust Company Custodian FBO Craig Marx Ira, Craig Marks filed Proof Of Claim 7-1 and amended as Proof of Claim Number 7-2 and 7-3 together with documentation submitted by the creditor to be set forth its alleged secured claim of $466,554.97 with alleged pre-petition arrears of $66,577.  Based upon information and belief, Proof Of Claim 7-1 and amended as Proof of Claim Number 7-2 and 7-3 (hereinafter collectively referred to as "POC No. 7") is asserting a claim for the **first mortgage** referenced in paragraph 8 hereinabove.

11. Equity Trust Company Custodian FBO Craig Marx Ira, Craig Marks filed Proof Of Claim 3-1 and amended as Proof of Claim Number 3-2 and 3-1 together with documentation submitted by the creditor to be set forth its alleged secured claim of $524,745.80 with alleged pre-petition arrears of $142,326.81.  Based upon information and belief, Proof Of Claim 3-1 and amended as Proof of Claim Number 3-2 and 3-1 ( hereinafter collectively referred to as "POC No. 3") is asserting a claim for the **second mortgage** referenced in paragraph 9 hereinabove.

13. Regardless of the amount claimed to be owed in POC No. 3, a disputed creditor, the first mortgage lien recorded exceeds the value of the home rendering any would be claim of the alleged creditor in POC No. 3 unsecured.

HEARING DATE:  June 20, 2012_____

HEARING TIME:___10:00am_____

14. The Chapter 13 Plan was served on all creditors, including the alleged creditor identified in claim number 3 and claim number 7 and their attorney.

## II. APPLICATION

14. By this application, the Debtor, pursuant to Section 506(a) of the Bankruptcy Code, seeks the entry by this Court of an Order as follows:

a. Valuing the second mortgage lien recorded by Bank of New York and any secured interest therein including that asserted by Equity Trust Company Custodian FBO Craig Marx Ira, Craig Marks filed as Proof Of Claim 3-1 and amended as Proof of Claim Number 3-2 and 3-3 at "$0.00"; and

b. Granting such other and further relief as this court deems appropriate.

## III. JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

15. This court has jurisdiction over the application pursuant to 28 U.S.C. 157 and §1334. Venue in this district is proper pursuant to 28 U.S.C. §1408. The statutory predicates for the relief sought herein are §105 and §506 of the Bankruptcy Code.

## IV. DISCUSSION

16. Section 506(a) of the US Bankruptcy Code provides, in pertinent part, as follows: "An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." 11 U.S.C. §506(a)

17. The Second Circuit has articulated the appropriate procedure for valuing claims under Section 506(a) of a creditor that holds a junior mortgage or lien on real property which will be retained by a Chapter 13 debtor. See *In re Pond*, 252 F. 3d 1222($2_{nd}$ Cir 2001).

18. In Pond, the Second Circuit held that a lien may be expunged under Section 506(a) if it is wholly unsecured or where the value of the underlying collateral is entirely insufficient to cover any portion of the lien.

19. In the instant case, the value of the home, $345,000.00 (See Exhibit "A") is **less** than the claimed first mortgage claimed by Equity Trust Company Custodian FBO Craig Marx Ira, Craig Marks filed as POC No. 7 in the amount of $466,554.97    (See Claim # 7).

20. As such, the alleged secured lien recorded on the Westchester County Land Records by Bank of New York on September 9, 2006 bearing control number 462300946 and as set forth and claimed by Equity Trust Company Custodian FBO Craig Marx Ira, Craig Marks filed as POC No. 3 as a secured interest should be expunged in its entirety and lien voided.

## V. NOTICE AND WAIVER OF MEMORANDUM OF LAW

HEARING DATE:  June 20, 2012_____
HEARING TIME:___10:00am_____

22. Notice of this application will be served on the United States Trustee, the Chapter 13 Trustee, all claimants that are the subject of this motion, all other creditors, and all parties that have filed a "Notice of Appearance."

23. No previous application for the relief sought herein was sought from this, or any other court.

24. As the facts and circumstances set forth herein do not present novel issues of fact or law, it is respectfully requested that the Court waive the requirement of filing a memorandum of law imposed by the Local Bankruptcy Rules.

WHEREFORE, IT IS RESPECTFULLY REQUESTED THAT THE Court grant the relief requested herein and grant such other and further relief as it deems appropriate.


This the 16th Day of May 2012.
___/S/ Linda M. Tirelli_____
Linda M. Tirelli, Esq.,
Counsel for the Debtors
Law Offices of Linda M.Tirelli
1 North Lexington Ave., 11th Floor
White Plains, NY 10601
PH (914)946-0860
Fax(914)946-0870